```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF GEORGIA
                   AUGUSTA DIVISION
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 122-026 |
| | * | |
| ANNIE BAILEY | * | |

## O R D E R

On February 13, 2024, less than one year ago, the Court sentenced Defendant Annie Bailey to serve 21 months in prison followed by three years of supervised release upon her conviction for conspiracy to defraud the United States. In particular, Defendant participated in a conspiracy to file fraudulent tax returns through her tax preparation business, which resulted in a financial loss of $683,046 to the Internal Revenue Service.

Defendant's Presentence Investigation Report ("PSI") notes her three prior knee replacement surgeries and lumbar fusion surgery in 2008. It also lists her medical conditions to include Type 2 diabetes, high blood pressure, "heart issues," asthma and infrequent migraine headaches. (PSI, Doc. 81, ¶¶ 49-51.) After serving four months in prison, Defendant requested compassionate release from the Warden of her prison. After this request was denied on July 29, 2024, Defendant filed the instant motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).

In order to grant a motion for compassionate release, the Court must find the following conditions are met: (1) extraordinary and compelling circumstances exist; (2) adherence to Policy Statement § 1B1.13 (including a finding that the defendant is not a danger to the community); and (3) support in the sentencing factors of 18 U.S.C § 3553(a).  United States v. Tinker, 14 F.4th 1234, 1237-38 (11th Cir. 2021).  Absence of even one of these requirements would foreclose a sentence reduction. Id.; United States v. Giron, 15 F.4th 1343, 1348 (11th Cir. Oct. 13, 2021) ("[C]ompassionate release is permissible only if all three findings are made.").

The Policy Statement, as amended on November 1, 2023, now provides a list of examples of "extraordinary and compelling" reasons to include circumstances related to a defendant's health, age, family circumstances, and abuse while in custody. U.S.S.G. § 1B1.13(b)(1)-(4).  There is also a catch-all provision, § 1B1.13(b)(5), which vests the district court with discretion to determine if "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)."  Through her motion, Defendant claims that her medical condition (particularly her spinal issues) is deteriorating so rapidly that she will not be able to walk out of prison on her

projected release date of August 23, 2025.[1] (Def.'s Memo. of Supp., Doc. 100, at 9.) She complains of "intolerable pain" that has caused her "severe mental depression and trauma." (Id. at 7-8.) She also mentions her hypertension, diabetes, asthma, and migraines (id. at 7) – conditions of which the Court was aware at sentencing. Finally, Defendant has attached her medical records. Other than two radiological reports, one from an X-ray of her knees and another from an X-ray of her spine, the medical records pre-date her incarceration. (See Doc. 100, Exs. 1 and 2.) The Government has provided Defendant's inmate medical records. (Inmate Medical Records, Doc. 105, Ex. A.)

"Medical circumstances" that may provide grounds for compassionate release include (1) a terminal illness; (2) a serious physical or medical condition, a serious functional or cognitive impairment, or deteriorating physical or mental health due to age that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover;" or (3) a medical condition that "requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." See U.S.S.G. § 1B1.13(b)(1)(A-C). With no claim to a terminal

---

[1] See www.bop.gov/inmateloc (last visited on Jan. 23, 2025).

illness or an inability to care for herself, Defendant appears to be leaning into the third category, claiming that she may never recover from her present spinal deterioration.

The inmate medical records demonstrate that Defendant suffers from chronic back pain, which has been addressed through medication. (See generally Inmate Medical Records.) Certainly, Defendant would have a better mattress and perhaps a different prescription medication regimen if she were not in prison.[2] Nevertheless, it appears that Defendant avails herself of the prison's health services not infrequently. She has been seen for back pain, pain management, shortness of breath, cold symptoms, exposure to scabies, constipation, orthopedic concerns, headache, and a diabetes check. Also, the prison's advanced registered nurse practitioner ("ARNP") has requested a biopsy of one of the nodules found on Defendant's thyroid. (Id. at 6-7.) The Court is unaware of the result of this biopsy.

There is no doubt that Defendant has back pain and other chronic conditions, and her advanced age of 68 does not do her any favors in the prison setting. Yet, nothing in the medical records shows that Defendant's condition is deteriorating to a point from which there is no return. Rather, Defendant is monitored and treated upon request. In her last encounter with the ARNP on

---

[2] It appears that Defendant has requested Toradol injections on two different occasions. (Medical Records at 1-2, 17.)

4

September 4, 2024, Defendant was described as a "well-developed, well-nourished inmate who is awake, alert, and **in no acute distress.**" (Medical Records at 2 (emphasis added).) Accordingly, the Court concludes that Defendant has not established that her medical circumstances are so extraordinary and compelling to warrant compassionate release.[3]

Further, in her motion for compassionate release, Defendant states that "the intention of her sentence was rehabilitative, not punitive." (Def.'s Memo. at 9.) This is simply not correct. One of the Court's foremost considerations at sentencing is the need for the sentence to provide "just punishment for the offense." See 18 U.S.C. § 3553(a)(2). Here, given the factual circumstances underlying the instant conviction, particularly the number of times Defendant intentionally defrauded the United States Government and the amount of loss, the Court concludes that early termination of her sentence would not reflect the seriousness of the offense, afford adequate deterrence, or promote respect for the law. Additionally, the imposed sentence provides just punishment for the offense; a truncated sentence would not. Simply put, the sentencing factors of § 3553(a) do not support Defendant's bid for compassionate release.

---

[3] Defendant has the burden to establish an extraordinary and compelling reason to warrant compassionate release. See United States v. Granda, 852 F. App'x 442, 446 (11th Cir. 2021).

5

Upon the foregoing, Defendant Bailey's motion for compassionate release (doc. 100) is hereby **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 24th day of January, 2025.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA